Parker C. J.
delivered the opinion of the Court. [After stating the nature of the several counts.] The objection lies only to the fourth count, for in all the others the promise is alleged to be to the executor, and the consideration is a debt due to the testator in his lifetime. The counts are consistent with each other, and for aught appearing of record, are for the same cause of action, and they ought to be presumed so to be after verdict and judgment.
*517 /n regard to the fourth count, the form of the averment of the promise only is changed, the consideration being the same as in the other counts, viz. money received by the defendant to the use of the testator. Tnis is the only proper count, and would of itself have been sufficient. It is not however inconsistent with the others, for it may well be, that for a debt due to the testator, a promise may be made to the executor, and it is certain that an implied promise to the testator arose in law. These counts may all be joined originally, as has been repeatedly determined. Petrie v. Hannay, 3 T. R. 659; Cowell v. Watts, 6 East, 406; 2 Str. 890.
But it is said that the fourth count is for a different cause of action from that which is averred in the other counts, and therefore it was erroneous in the court to admit it to be filed in amendment of the declaration. In order to sustain this objection it should appear of record, that it was for a different cause. We think this does not appear of record, because the substantial cause of action, as it appears in the preceding counts, is the indebtedness to the testator, which indebtedness raised a promise in law to him, and a promise to the executor could only be proved by showing a debt to the testator in the man ner it is alleged in the three first counts.
In regard to the count on an insimul computassent, as the accounting averred was between the plaintiff as executor and the defendant, ihe presumption in law is, that it related to demands subsisting between the testator and die defendant; so that it does not appear by the record that this was a different cause of action from the others. [1]
The principal difficulty we have met with relates to the verdict, which in terms leaves the issue upon the fourth count unanswered. This however is a fault in the form rather than in the substance of the verdict. One of the issues is upon the *518 three first counts as to the promise to the plaintiff in his capacity of executor, the other relates to the fourth count, in which the promise is alleged to be to the testator. The verdict is, that the defendant promised the plaintiff in manner and form, &c. which in terms excludes the other issue. If the verdict had been, that the defendant made the promise, &c. it would have covered the whole and have been sufficient. Standing as it now does, there appears to be an error, for all the issues ought to be answered by the verdict. Still it is obvious, that if there were not two demands before the jury, this is mere de feet of form, and has not in any degree prejudiced the defendant. Where there is but a single issue composed of several facts, and the verdict does not affirm or negative the whole which is material, no judgment ought to be rendered, and if rendered, must be reversed. Where there are two or more issues and the verdict is perfect as to some, but silent as to others, the verdict is amendable, if by the certificate of the judge it shall appear that there was no other matter in trial except what is embraced in the issues on which the verdict is sufficient; and this may be corrected, even pending a writ of error, as was done in a case much stronger than this, Petrie v. Hannay, reported in 3 T. R. 659. In that case there were founts on promises to the executor and on promises to the testator, and the general issue and statute of limitations were pleaded. The verdict was found generally for the plaintiff on the first, and no notice taken of the last. A writ of error was brought in the House of Lords on two grounds, viz. that there was no verdict on the second issue, and that the two separate demands could not be joined. There was a joinder on error and a day appointed for the argument in the House of Lords The plaintiffs there obtained a rule to show cause why thej should not be at liberty to amend according to the judge’s notes, by adding a verdict on the second plea. As to the first, the amendment was allowed, and as to the second it was held, that the counts well lay together. This was a stronger cas9, because the plea of the statute of limitations, if unanswered, way a substantial defence ; but without doubt it appeared by the judge’s notes, that it was not sustained by evidence, and therefore the defect in the verdict was considered formal and cura *519 ble by amendment. In the case before us, if the judge shall certify, as we understand he is able to do, that there was but one demand in fact submitted to the jury, we think the verdict may be corrected, for it is evident that the jury intended to find upon the whole matter in favor of the plaintiff.[1]

 See Miller v. Clark, 8 Pick. 412; Eaton v. Whitaker, ante, 465. For other cases in .which amendments will be allowed, see Vancleef v. Therasson, 3 Pick. (2nd ed.) 14, note 1; Bishop v. Williamson, 2 Fairfield, 500 to 503.
By the Revised Statutes it is enacted, that the court in which any civil action is pending, may at any time before judgment is rendered therein, allow amendments, either in form or substance, of any process, pleading or proceeding in such action, on such terms as shall be just and reasonable, c. 100, § 22.

 See 1 Harr Dig 54, 55; Little v. Larrabee, 2 Greenl. 37; Dryden v Dryden, 9 Pick. 546.